**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SUSAN M. DUNKEL,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

Case No. 19-10267

Hon. Marianne O. Battani

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTION
AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

Before the Court is an objection (Dkt. 17) lodged by Plaintiff Susan M. Dunkel to a January 23, 2020 Report and Recommendation ("R & R") issued by Magistrate Judge Patricia T. Morris (Dkt. 16). In the R & R, the Magistrate Judge recommends that the Court deny Plaintiff's motion for summary judgment (Dkt. 10), grant the Defendant Commissioner of Social Security's motion for summary judgment (Dkt. 14), and affirm the challenged decision of the Defendant Commissioner. For the reasons discussed below, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's R & R in its entirety.

**II.    FACTUAL AND PROCEDURAL BACKGROUND**

Neither party has objected to the Magistrate Judge's survey of the procedural history of this case and the administrative record in support of Plaintiff's application for disability insurance and supplemental security income benefits. Nor do they take issue

with the Magistrate Judge's summary of the administrative proceedings and findings of the Administrative Law Judge on Plaintiff's claim for benefits. Accordingly, the Court adopts these unchallenged portions of the R & R.

## III. STANDARD OF REVIEW

A district court must conduct a *de novo* review of any portion of a magistrate judge's R & R to which a party objects. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of matters referred to a magistrate judge. *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1988).

The Court must affirm the decision of the Defendant Commissioner so long as "it is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Commissioner of Social Security,* 486 F.3d 234, 241 (6th Cir. 2007). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers,* 486 F.3d at 241 (internal quotation marks and citation omitted). If the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently, and even if substantial evidence also supports the opposite conclusion."

*Cutlip v. Secretary of Health & Human Services,* 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted).

When determining whether the Defendant Commissioner's factual findings are supported by substantial evidence, the Court confines its examination to the administrative record considered as a whole. *Wyatt v. Secretary of Health & Human Services,* 974 F.2d 680, 683 (6th Cir. 1992). There is no requirement, however, that either the Commissioner or this Court must discuss every piece of evidence in the record. *Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 508 (6th Cir. Feb. 9, 2006). Further, in reviewing the Defendant Commissioner's resolution of Plaintiff's claim for benefits, this Court does not "try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon,* 499 F.3d 506, 509 (6th Cir. 2007).

**IV. ANALYSIS**

Plaintiff has advanced a single objection to the Magistrate Judge's R & R. Specifically, Plaintiff takes issue with the Magistrate Judge's treatment of the determination by the Administrative Law Judge ("ALJ") that Plaintiff's impairments neither met nor medically equaled Listing 1.04 of the Listing of Impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. In Plaintiff's view, the R & R improperly "provides a new analysis" on this question, rather than assessing the "rationale . . . put forward by the ALJ." (Dkt. 17, Plaintiff's Objection at 2.) Plaintiff contends that this approach runs afoul of the principle that an "ALJ's decision cannot be defended on a basis not articulated" by the ALJ herself. *Hardy v. Berryhill,* 908 F.3d 309, 313 (7th Cir. 2018); *see generally SEC v. Chenery Corp.,* 318 U.S. 80, 93-94, 63 S. Ct. 454, 462

3

(1943) (emphasizing that an action by a federal agency "must be measured by what the [agency] did, not by what it might have done").

The Magistrate Judge expressly addressed this point in the R & R, (*see* R & R at 40-42), and the Court fully concurs in the Magistrate Judge's analysis. As noted in the R & R, the ALJ's discussion of Listing 1.04 is admittedly "sparse" when viewed in isolation. (*Id.* at 41.) Yet, the courts have recognized that an ALJ's "cursory" analysis at step three of the governing five-step sequential evaluation process does not necessarily "require [a] remand," so long as "the ALJ's opinion as a whole demonstrates sufficient consideration of the relevant evidence" bearing on the applicability of a listing. *Gower v. Commissioner of Social Security,* No. 13-14511, 2015 WL 163830, at *9 (E.D. Mich. Jan. 13, 2015); *see also Davis v. Commissioner of Social Security,* No. 13-13319, 2015 WL 668035, at *2 (E.D. Mich. Feb. 17, 2015) ("[A]n ALJ's findings from different portions of the traditional five-step evaluative process for determining eligibility for disability benefits may be considered in combination as a reviewing court decides whether the ALJ's resolution of the step three inquiry is supported by substantial evidence.").

Under this governing standard of review, the Court's inquiry is not confined narrowly to the ALJ's articulation of her step three findings. Rather, the Court must ask whether "the record raises a substantial question as to whether the claimant could qualify as disabled under a [given] listing." *Smith-Johnson v. Commissioner of Social Security,* No. 13-1696, 579 F. App'x 426, 432 (6th Cir. Sept. 8, 2014) (internal quotation marks, alteration, and citations omitted). Moreover, it is Plaintiff's burden to "point to specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of" Listing 1.04. *Smith-Johnson,* 579 F. App'x at 432; *see also Rabbers v.*

4

*Commissioner Social Security Administration,* 582 F.3d 647, 653 (6th Cir. 2009) ("A claimant must satisfy all of the criteria to meet the listing."). "Absent such evidence, the ALJ does not commit reversible error by failing to evaluate a listing at Step Three." *Smith-Johnson,* 579 F. App'x at 433. To be sure, there potentially "is a fine line between a post-hoc rationalization [by the Court] and a determination as to whether the record evidence raises a substantial question." *Smith-Johnson,* 579 F. App'x at 435. Nonetheless, the Court avoids an impermissible post-hoc rationalization — or, as Plaintiff puts it, a "new analysis" — so long as it confines its inquiry to the ALJ's own analysis and assessment of the record, whether incorporated explicitly into the ALJ's step three findings or set forth "at other steps of [her] decision." *Smith-Johnson,* 579 F. App'x at 435.

The Court is satisfied that the Magistrate Judge's evaluation of the ALJ's step three inquiry comports with these principles. Although Listing 1.04 addresses three types of spinal disorders, Plaintiff relies solely on Listing 1.04(A), which may be satisfied through "[e]vidence of nerve root compression" along with (i) "limitation of motion of the spine," (ii) "motor loss . . . accompanied by sensory or reflex loss," and (iii) "positive straight-leg raising test (sitting and supine)," in cases of lower back involvement. 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04(A); *see also Gower,* 2017 WL 82976, at *27. In her step three analysis, the ALJ found that Plaintiff's impairments did not meet or medically equal each of the criteria of Listing 1.04(A) "because [Plaintiff] lacks the requisite motor and sensory deficits." (Admin. Record at 25.)

As observed in the R & R, Plaintiff's underlying motion for summary judgment provided "scant support" for her challenge to the ALJ's step three findings. (R & R at

38.) In particular, Plaintiff relied exclusively on the ALJ's determination of her residual functional capacity ("RFC"), asserting without explanation that the limitations reflected in this RFC finding somehow evidenced a "deficit in sensory or motor skills sufficient to meet" the relevant criteria of Listing 1.04(A). (*Id.* (citing Dkt. 10, Plaintiff's Motion for Summary Judgment, Br. in Support at 18-19)) Against this backdrop, the Magistrate Judge appropriately concluded that Plaintiff had not met her burden to identify "specific evidence that demonstrates [s]he reasonably could meet or equal every requirement of" Listing 1.04(A). *Smith-Johnson,* 579 F. App'x at 432.

To the contrary, the Magistrate Judge pointed to evidence in the record indicating that Plaintiff "did not have [the requisite] deficit in sensory or motor skills." (R & R at 39-40.) In light of this record, the Magistrate Judge reasoned that there was "substantial evidence to support the ALJ's listing analysis." (*Id.* at 40.) In her objection to the R & R, Plaintiff fails to identify any flaws in the Magistrate Judge's reasoning on this point, apart from (i) her claim (addressed and rejected above) that the Magistrate Judge's survey of the record should be deemed an impermissible "new analysis of the medical evidence," and (ii) her conclusory assertion, unbacked by even one specific example or citation to the medical record, that the ALJ's "other findings" elsewhere in her decision were sufficient to demonstrate that Plaintiff suffered from "substantial motor and sensory deficits." (Plaintiff's Objection at 2.)

Moreover, the Magistrate Judge correctly observed that Plaintiff had not identified specific evidence demonstrating that her condition could meet or medically equal a second requirement of Listing 1.04(A) — namely, the existence of nerve root compression. (*See* R & R at 38.) As explained by the Magistrate Judge, the medical

6

evidence cited by Plaintiff reflected disc protrusion that abutted nerve roots, but the case law indicates that such evidence of nerve abutment is "insufficient to satisfy listing 1.04(A)'s requirement [of] nerve root compression." (*Id.* (citing *Adams v. Commissioner of Social Security,* No. 13-11132, 2014 WL 897381, at *9 n.5 (E.D. Mich. March 6, 2014))) Again, Plaintiff does not address this reasoning in her present objection, much less endeavor to explain how the Magistrate Judge might have erred in this analysis.

Finally, Plaintiff apparently contends that the Magistrate Judge once again engaged in impermissible post hoc rationalization of the ALJ's decision by concluding that the ALJ was not obligated to secure the opinion of a medical expert before determining that Plaintiff's impairments did not medically equal Listing 1.04(A). (*See* Plaintiff's Objection at 3.) Yet, the matter at issue — namely, whether the opinion of a medical expert is required to make this equivalency determination — is a question of law, and Plaintiff fails to explain how the ALJ's reasoning might be relevant to the resolution of this question by the Magistrate Judge or this Court. Simply stated, the ALJ was either required under the law to seek the input of a medical expert or she was not. The Magistrate Judge accurately surveyed and correctly applied the law governing this issue, (*see* R & R at 42-43), and Plaintiff has not identified any error in this analysis.

## V. CONCLUSION

The Court has reviewed *de novo* the entire record and the pleadings, giving particular attention to those portions of the record relevant to Plaintiff's objection. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's January 23, 2020 report and recommendation

(Dkt. 16) in its entirety, and **OVERRULES** Plaintiff's January 28, 2020 objection to the report and recommendation (Dkt. 17). Accordingly, Plaintiff's motion for summary judgment (Dkt. 10) is **DENIED**, Defendant's motion for summary judgment (Dkt. 14) is **GRANTED**, and the challenged decision of the Defendant Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

    **IT IS SO ORDERED.**


Date: March 30, 2020                                                  s/Marianne O. Battani
                                                                                 MARIANNE O. BATTANI
                                                                                  United States District Judge